IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 14, 2024

### STATE OF TENNESSEE v. JAMES E. JOHNSON

**Appeal from the Criminal Court for Davidson County**
**No. 2000-C-1624    Jennifer Smith, Judge**
_____

**No. M2023-01477-CCA-R3-CD**
_____

The petitioner, James E. Johnson, appeals from the Davidson County Criminal Court's summary dismissal of his pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which TOM GREENHOLTZ and KYLE A. HIXSON, JJ., joined.

James E. Johnson, Nashville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Garrett D. Ward, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Doug Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### *Facts and Procedural History*

On December 4, 2003, the petitioner pled guilty to one count of aggravated rape. As part of his negotiated plea agreement, the petitioner agreed to a sentence of thirty years to be served at 100%.

On July 28, 2023, the petitioner filed a motion to correct an illegal sentence, arguing that community supervision for life and the Tennessee sex offender registry violate principles of double jeopardy. The trial court summarily denied the petitioner's motion, and this timely appeal followed.

*Analysis*

Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law calling for de novo review. *State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015) (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)). Rule 36.1 provides that the petitioner "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. Tenn. R. Crim. P. 36.1 (a)(2). If the motion states a colorable claim, the trial court shall appoint counsel if the petitioner is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1 (b)(3). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. "The movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents." Tenn. R. Crim. P. 36.1 (a)(1).

"[F]ew sentencing errors render [a sentence] illegal." *Wooden*, 478 S.W.3d at 595. Examples of illegal sentences include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* However, "attacks on the correctness of the methodology by which a trial court imposed [a] sentence" do not rise to the level of an illegal sentence. *Id.*

On appeal, the petitioner argues lifetime community supervision and the Tennessee sex offender registry violate principles of double jeopardy, the trial court erred in failing to inform the petitioner of the direct consequences of his guilty plea, and the Tennessee Sex Offender Registry Act of 2004 violates the constitutional prohibition against ex post facto laws.

With respect to the petitioner's claim that lifetime community supervision and the Tennessee sex offender registry violate principles of double jeopardy, this Court has repeatedly held that violations of double jeopardy principles are not colorable claims for purposes of Rule 36.1. *See State v. Everett*, No. W2021-00677-CCA-R3-CD, 2022 WL 2196887, at *3 (Tenn. Crim. App. June 17, 2022), *no perm. app. filed*; *State v. Sargent*, No. W2018-00517-CCA-R3-CD, 2019 WL 1952881, at *1 (Tenn. Crim. App. Apr. 30, 2019), *no perm. app. filed*; *State v. Hall*, No. W2016-00915-CCA-R3-CD, 2017 WL 1093991, at *2 (Tenn. Crim. App. Mar. 22, 2017), *no perm. app. filed*. The petitioner is not entitled to relief on this issue.

The petitioner's remaining claims regarding the trial court's handling of the petitioner's guilty plea and the Tennessee Sex Offender Registry Act's violation of ex post facto laws were raised for the first time on appeal. Because the petitioner failed to raise the claims at the trial level, the issues are waived. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."); *State v. Franklin*, No. M2017-00180-CCA-R3-CD, 2018 WL 1100962, at \*4 (Tenn. Crim. App. Feb. 27, 2018) (holding the defendant's issue was "waived because the [d]efendant raise[d] it for the first time on appeal."); *State v. Howard*, 504 S.W.3d 260, 277 (Tenn. 2016) ("It is well-settled that a defendant may not advocate a different or novel position on appeal"); *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) ("Issues raised for the first time on appeal are considered waived."). The petitioner is not entitled to relief.

## *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE